# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 2658 | **DATE** | August 23, 2010 |
| **CASE TITLE** | Mahru vs. Health Care Service Corp. | | |

**DOCKET ENTRY TEXT**

Defendant's motion (Doc [16]) to dismiss is denied. Defendant's motion (Doc [13]) to strike plaintiff's jury demand is granted. Status hearing set for 8/26/2010 at 9:30 a.m. to stand.

■[ For further details see text below.]　　　　　　　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## ORDER

  This case comes before the court on the motion of Defendant Health Care Service Corporation, a Mutual Legal Reserve Company d/b/a BLUE CROSS BLUE SHIELD OF ILLINOIS ("HCSC"), to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). HCSC also moves to strike Plaintiff's jury demand. Mahru does not contest the motion to strike. Because the motion is uncontested, we will not perform an extensive analysis of our decision to grant the request to strike the jury demand. For the reasons set forth below, we deny HCSC's motion to dismiss and grant the motion to strike.

As a preliminary matter, Defendant maintains that Mahru incorrectly identified the appropriate party to be sued. The court declines to resolve the dispute over the Defendant's appropriate name at this time. For purposes of this motion only, we will refer to the parties by the designations used in the pleadings.

  According to the allegations of the complaint, which we must accept as true for purposes of this motion, *Warth v. Seldin*, 422 U.S. 490, 501 (1975), Plaintiff Ruth Mahru ("Mahru"), a resident of Cook County, Illinois, suffered from chronic pain. Mahru used high doses of pain and anti-anxiety medication in treating her condition over the course of many years, and consequently developed a substance abuse problem. On March 3, 2008, Plaintiff began substance abuse treatment at the Bayside Marin facility in San Rafael, California ("Bayside"). Bayside is licensed by California's Department of Alcohol and Drug Programs as an alcoholism and/or drug abuse recovery or treatment facility, which is defined by California's Health and Safety Code as:

"any premises, place, or building that provides 24-hour residential non-medical services to adults who are recovering from problems related to alcohol, drug, or alcohol and drug misuse or abuse, and who need, alcohol, drug, or alcohol and drug recovery treatment or detoxification services." Cal. Health & Safety Code Ann. § 11834.02.

# ORDER

While a registered patient at Bayside, Mahru was assigned her own room and bed and remained in the facility on a twenty-four-hour basis. Mahru's treatment ended in May 2008.

At the time she visited Bayside, Mahru had health insurance coverage through HCSC as a covered dependent under her husband's Group Health Plan policy. Mahru filed a claim with HCSC seeking reimbursement of the costs incurred during her stay at Bayside. Under the terms of her husband's policy, Mahru could get partially reimbursed if the treatment services she received were determined by HCSC's Medical Services Advisory Program ("MSA") to be "medically necessary[.]" Specifically, HCSC's Health Care Benefit Program ("the Benefit Booklet") provides that when a person receives "[c]overed Services for the Inpatient treatment of [...] Substance Abuse Rehabilitation Treatment in a program that does not have a written agreement with Blue Cross and Blue Shield or in a Non-Plan Provider facility, benefits will be provided at 50% of the Eligible Charge" after said person has met his program deductible and his inpatient hospital admission deductible. Bayside did not have a written agreement with HCSC and therefore qualified as a non-plan substance abuse treatment facility.

Upon receipt of her claim, HCSC made a finding of "medical necessity," as required by the Benefit Booklet, but confined its finding of necessity to the first three days of Mahru's stay. HCSC refused to cover any of the costs incurred for the remainder of her time at Bayside. Mahru appealed the decision but her appeal was rejected by the MSA. On April 29, 2010, Mahru filed the instant suit against HCSC under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Mahru alleges that although Bayside was a "residential non-medical service facility", the services she received were nevertheless "medically necessary" and should have been covered by HSCS under the Benefit Booklet. HCSC now moves to dismiss Mahru's claim for failure to state a claim upon which relief may be granted.

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). To be cognizable, the factual allegations within a complaint must raise a claim for relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To state a cognizable claim, a complaint must describe the claim in sufficient detail to give the defendant notice of what it is and the ground upon which it rests and plausibly suggest that the plaintiff has a right to relief. *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir.2007). With these principles in mind we turn to the instant motion.

HCSC argues that Mahru's claim should be dismissed for two reasons. First, the services received by Mahru at the Bayside facility were merely residential services and not "inpatient" substance abuse services that are typically covered by the Benefit Booklet. Second, Mahru could not have received "medically necessary" therapy because the State of California has not licensed Bayside to provide medical care services.

Mahru alleges that she received organized, intensive, and structured medical treatment for substance abuse from Bayside personnel and that she was a registered patient with her own room and bed twenty-four hours a day. Construing all allegations in a light most favorable to Mahru and making all inferences in her favor, we conclude that Mahru has made sufficient factual allegations that establish a plausible right to relief

| ORDER |
|---|
| under 29 U.S.C. § 1132(a)(1)(B). HCSC's contentions that Mahru's status does not qualify as "inpatient," that Mahru's therapeutic treatment was not "medically necessary," or that Bayside was not licensed to provide medical care services, are questions of fact that are inappropriate for resolution at this stage of proceedings. The motion to dismiss is denied. The motion to strike is granted.<br><br>Dated:   August 23, 2010                                    *Charles P. Kocoras*<br>                                             **CHARLES P. KOCORAS**<br>                                             **U.S. District Court Judge** |