UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RUTH MAHRU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 10 C 2658 |
| | ) | |
| HEALTH CARE SERVICE | ) | |
| CORPORATION, a Mutual Legal | ) | |
| Reserve Company d/b/a BLUE CROSS | ) | |
| BLUE SHIELD OF ILLINOIS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion of Plaintiff Ruth Mahru ("Mahru") for relief from judgment under Federal Rule of Civil Procedure 60(b)(3) ("Rule 60(b)(3)"). For the reasons stated below, the motion is denied.

On April 29, 2010, Mahru filed a complaint against Defendant Health Care Service Corporation, a mutual legal reserve company d/b/a Blue Cross Blue Shield of Illinois, ("HCSC"), alleging that HCSC's failure to pay for health services violated the Employee Retirement Income Security Act ("ERISA"). HCSC had refused to pay Mahru's claim because the services received were not medically necessary and, thus, not covered by her health plan.

The parties engaged in settlement negotiations. While Mahru made several demands for settlement, HCSC found the demands excessive because the amount demanded was far greater than the amount HCSC would have paid for covered services. HCSC's counsel emphasized that even if Mahru's services were covered, Mahru would only be entitled to recover 50% of the eligible charge (as defined in the health plan), not 50% of the billed charge. HCSC's counsel then proposed the following alternative option, which Mahru never accepted and Mahru's counsel now views as an affirmative misrepresentation:

> Alternatively to settling within a reasonable range, my client could process the claims at 50% of the Eligible Charge as it would have done were the services covered and if you contend that the Eligible Charge is unreasonable, you could consolidate this lawsuit with the corresponding class action pending in the ND Illinois. Please let me know if you would prefer that.

On September 7, 2010, and without advising HCSC, Mahru filed a notice of dismissal. Pursuant to Mahru's notice of voluntary dismissal, on September 14, 2010, the Court dismissed the case with prejudice.

About the same time Mahru filed her notice of dismissal, Mahru joined the class action pending in the Northern District of Illinois. The pending class action challenged HCSC's use of databases owned and operated by Ingenix, Inc. ("Ingenix") to calculate the usual, customary, and reasonable rate of services, which represents the amount qualifying for coverage when an insured receives services from an out-of-network

provider. Mahru abandoned her claim that the services were medically necessary and, therefore, covered under her plan. In February 2011, HCSC filed a motion for summary judgment demonstrating that it did not use Ingenix to calculate benefits for Mahru because the services received were not covered. On August 10, 2011, the court in which the class action was pending granted HCSC's motion for summary judgment and denied Mahru's request to file a third amended complaint reinstating the claim dismissed with prejudice by this Court.

Mahru now seeks relief from the September 14, 2010 dismissal order under Rule 60(b)(3) because HCSC's counsel purportedly misrepresented Mahru's ability to join the pending action. Rule 60(b)(3) permits a court to vacate a final judgment if a party demonstrates, by clear and convincing evidence, that the judgment was obtained by fraud, misrepresentation, or misconduct by an opposing party. Fed. R. Civ. P. 60(b)(3); *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). Rule 60(b)(3) applies to both intentional and unintentional misrepresentations. *Lonsdorf*, 47 F.3d at 897.

The Court must determine whether Mahru has shown, by clear and convincing evidence, that counsel for HCSC made a misrepresentation which caused Mahru to voluntarily dismiss the case. HCSC's counsel represented to Mahru's counsel that Mahru could consolidate the lawsuit with the pending class action *if* HCSC processed the claim as if the services were covered, HCSC covered 50% of the eligible charge,

and Mahru asserted that the eligible charge was unreasonable. Mahru never accepted HCSC's alternative proposal and HCSC never processed Mahru's claim or covered 50% of the eligible charge. Without advising HCSC's counsel, Mahru unilaterally dismissed this case with prejudice and joined the pending class action. Because HCSC's counsel identified several conditions preceding Mahru's ability to join the pending class action and Mahru failed to accept those conditions, the Court finds that no misrepresentation exists as a ground for relief under Rule 60(b)(3). Further, Mahru entirely abandoned her original claim when she joined the pending class action. Accordingly, Mahru's motion is denied.

/s/ Charles P. Kocoras

Charles P. Kocoras
United States District Judge

Dated:  September 23, 2011